**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50221 |
| Plaintiff-Appellee, | D.C. No.<br>5:20-cr-00190-JGB-1 |
| v. | |
| DAVID ANTHONY BATTLE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted February 14, 2023[**]
Pasadena, California

Before: O'SCANNLAIN, HURWITZ, and BADE, Circuit Judges.

David Anthony Battle pleaded guilty to violating the Hobbs Act, 18 U.S.C. § 1951(a), reserving the right to appeal the district court's denial of his motion to dismiss the indictment for pretrial delay. We have jurisdiction over Battle's appeal under 28 U.S.C. § 1291 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.  Under the Speedy Trial Act, Battle's trial was originally required to commence by December 16, 2020, seventy days after the indictment was filed. *See* 18 U.S.C. § 3161(c)(1). The district court twice continued trial, first from November 30, 2020, to February 16, 2021, and then to April 6, 2021, each time finding that the ends of justice outweighed the public and Battle's interest in a speedy trial. *See id.* § 3161(h)(7)(A).

"A district court's finding of an ends of justice exception will be reversed only if there is clear error." *United States v. Henry*, 984 F.3d 1343, 1350 (9th Cir. 2021) (cleaned up). We find none. Although the continuances were granted before we identified various factors that "in the context of the pandemic, facilitate[] the proper balancing" for an ends-of-justice continuance, *United States v. Olsen*, 21 F.4th 1036, 1046–47 (9th Cir. 2022) (per curiam), the district court's orders recognized the most relevant factors. In particular, the orders "acknowledge the importance of the right to a speedy and public trial both to criminal defendants and the broader public, and conclude that, considering the continued public health and safety issues posed by COVID-19, proceeding with such trials would risk the health and safety of those involved, including prospective jurors, defendants, attorneys, and court personnel." *Id.* at 1049.

Moreover, neither continuance was "open-ended." *United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994). Each was of fixed duration and cited Central

District of California General Order 20-09, which provided for resumption of jury trials "based on 14-day trends of facility exposure, community spread, and community restrictions." Even if, as Battle argues, other courts were resuming trial during part of the relevant period, that "does not mean that they [were] necessarily holding them safely. It is unknown whether jurors, witnesses, court staff, litigants, attorneys, and defendants [were] subject to serious risks and illness." *Olsen*, 21 F.4th at 1047 n.10.

2. "[I]t will be an unusual case in which the time limits of the Speedy Trial Act have been met but the sixth amendment right to speedy trial has been violated." *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (cleaned up). Applying the factors identified in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), we conclude that this is not such a case. Battle's plea hearing was 183 days after his federal arrest, and most courts treat eight months as "the threshold minimum to initiate the full *Barker* inquiry." *United States v. Lonich*, 23 F.4th 881, 893 (9th Cir. 2022) (cleaned up). Battle does not claim prosecutorial culpability in the delay, *see Olsen*, 21 F.4th at 1048, and the only prejudice he claims flows from his six-month incarceration during the delay. However, even ten months of pretrial detention does not establish "serious prejudice." *Barker*, 407 U.S. at 534. And, even crediting Battle's contention that the COVID-19 pandemic made detention more difficult than normal, he does not claim to have been infected before pleading guilty or to have faced

different conditions than other pretrial detainees.

**AFFIRMED**.